■ EQUIPTEX INDUSTRIAL PRODUCTS CORP., Respondent, v ANDREW PAULUCCI, Doing Business as E-Z FOLDING & BINDING Co., Appellant, et al., Defendant.—In an action to recover damages for breach of a contract for the sale of real property, the defendant Andrew Paulucci, doing business as E-Z Folding & Binding Co., appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), dated October 20, 1986, which, upon orders of the same court entered September 3, 1986 and dated October 3, 1986, respectively granting the plaintiff's motion for summary judgment, is in favor of the plaintiff and against him in the sum of $47,520.78. The defendant's notice of appeal from the order dated October 3, 1986 is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is reversed, with costs; the orders entered September 3, 1986 and dated October 3, 1986, respectively, are vacated, and the motion is denied.

The plaintiff Equiptex Industrial Products Corp. entered into a written contract for the purchase of certain property owned by the defendant-appellant Andrew Paulucci, doing business as E-Z Folding & Binding Co. The parties' contract provided, in pertinent part, (1) that "the seller shall give and the purchaser shall accept a marketable title such as any title company who is a Member of the New York Board of Title Underwriters, will be willing to approve and insure"; (2) that title was to be conveyed by "the usual Bargain & Sale Deed with Covenants" and that the deed "shall be duly executed and acknowledged so as to convey to the purchaser the fee simple of the said premises, free of all encumbrances, except as herein stated"; and (3) that the "premises [were] sold and conveyed subject to the following: (a) Any state of facts an

accurate survey or personal inspection of the premises may show provided same does not render title unmarketable[;] (b) Covenants, restrictions, easements, reservations, consents and agreements of record, if any, provided same are not violated by the existing dwelling structure and present use thereof and/or render title unmarketable". The deposit plus the net costs of title examination and any survey were to be refunded to the plaintiff in the event that the appellant was unable to convey title in accordance with the terms of the contract.

In seeking summary judgment on its complaint, the plaintiff claimed, in pertinent part, that the appellant was unable to convey title in accordance with the contract since the report from the title insurance company indicated that the subject property was burdened with an easement for support of a common wall and an easement for ingress and egress. The plaintiff argued that since such easements rendered the title unmarketable, the appellant was required to refund the deposit, plus the net costs of title examination and any survey. In opposition, the appellant argued that the contract provided that the plaintiff agreed to take title subject to any easements of record and that the easements in question did not render the title unmarketable.

Contrary to Special Term's conclusion that the plaintiff was entitled to judgment in its favor as a matter of law, we find that the affidavits and other documents submitted by the plaintiff and the appellant raise a question of fact as to whether the easements in question render the appellant's title unmarketable, as contemplated by the parties' contract (see, Laba v Carey, 29 NY2d 302, rearg denied 30 NY2d 694).

Accordingly, the plaintiff's motion for summary judgment should have been denied.

We have considered the other ·contentions raised by the appellant and find them to be without merit. Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.